TIMOTHY COURCHAINE
United States Attorney
District of Arizona
STEPHEN MARLOWE
Assistant U.S. Attorney
California Bar No. 353337
Two Renaissance Square
40 N. Central Ave., Ste. 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: stephen.marlowe@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          v.<br><br>Gissel Lopez,<br><br>                    Defendant. | Mag. Case No. 26-01592MJ<br><br>**UNITED STATES' SENTENCING GUIDELINES CALCULATION AND SENTENCING MEMORANDUM** |

On August 11, 2026, Defendant will plead guilty to a Count 1 of an Information charging her with Conspiracy to Commit an Offense Against the United States, namely, Bringing an Illegal Alien to the United States, in violation of 18 U.S.C. § 371, a Class A misdemeanor offense. The United States respectfully requests that the Court impose a sentence of two years' probation.

**I.    United States Sentencing Guidelines: Custody**

Based on the information known to the United States, Defendant is not eligible for any of the sentencing enhancements under U.S.S.G. § 2L1.1(b). Therefore, the United States calculates Defendant's Sentencing Guidelines range as follows:

1.    **Base Offense Level:** The guideline for a violation of 18 U.S.C.          **12**
§ 371 is U.S.S.G. § 2X1.1. The base offense level is the base
offense level from the guideline for the substantive offense, plus

any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. The guideline for the substantive offense, Bringing an Illegal Alien to the United States, is 12. U.S.S.G. § 2L1.1(a)(3).

2. **Acceptance of Responsibility:** Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a).    **-2**

3. **Zero Point Offender:** Defendant has a total of zero criminal history points. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 4C1.1(a).    **-2**

4. **Total Offense Level:**    **8**

Defendant has no countable convictions, resulting in zero criminal history points and a Criminal History Category I. A Total Offense Level 8, with a Criminal History Category I, results in a Sentencing Guidelines range of 0 to 6 months.

**II.    United States Sentencing Guidelines: Probation**

1. **Statutory Provisions**: The maximum term of probation is five years. 18 U.S.C. § 3561(c).

2. **Guideline Provisions**: The probation range for this offense is zero to five years. USSG § 5B1.2.

**III.    United States Sentencing Guidelines: Fines**

3. **Statutory Provisions**: The maximum fine is $100,000. 18 U.S.C. § 3571(b)(5).

4. **Special Assessment**: A special assessment of $25 is mandatory. 18 U.S.C. § 3013.

5. **Guideline Provisions**: The fine range for this offense is from $2,000 to $20,000. USSG § 5E1.2(c)(3).

Defense counsel, Brenda Sandoval, has been contacted and agrees with this Sentencing Guidelines calculation based on the facts known to the parties.

**IV.    Sentencing Recommendation**

On July 14, 2026, Defendant Gissel Lopez transported unlawfully present aliens in order to help them remain in the United States, knowing or recklessly disregarding the aliens' unlawful presence. On or before that date, Defendant's co-conspirators in Mexico brought the illegal aliens across the Mexican border into the United States knowing they did not have authorization to come to, enter, or reside in the United States. Defendant agreed to transport the illegal aliens on July 14, 2026, to help further this alien smuggling conspiracy.

While alien smuggling is very serious and harms American communities by thwarting the protections of our immigration laws and screening process, there are mitigating factors here. First, Defendant has no other convictions. Second, while alien smuggling is inherently dangerous, there are no aggravating circumstances—no unaccompanied minors, no weapons, no car chase, no injuries, no one being held against his or her will—nothing that would make this offense more dangerous or more harmful. Defendant complied will law enforcement and represented that this was her first time engaging in alien smuggling.

What is more, as noted in the Pretrial Services Report, Defendant reports that she is a single mother whose ex-spouse was not paying child support during a period of unemployment. Undersigned counsel also understands that Defendant was employed but has taken a leave of absence due to mental-health struggles, that Defendant has no record of illicit-substance use, and that Defendant is working on her English proficiency. None of this justifies Defendant's conduct, but the Court should consider it in determining the appropriate sentence.

Under all these circumstances, the requested sentence will provide adequate deterrence, reflect the seriousness of this offense, promote just punishment, and promote

respect for the laws. The recommended sentence of two years' probation is sufficient but not greater than necessary to satisfy the sentencing factors in 18 U.S.C. § 3553(a).

Respectfully submitted this 4th day of August, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Stephen Marlowe*
STEPHEN MARLOWE
Assistant U.S. Attorney